**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50164 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00533-GAF-1 |
| v. | |
| EILEEN CHRISTINE MONTOYA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted November 5, 2012 [**]
Pasadena, California

Before: REINHARDT and THOMAS, Circuit Judges, and SEDWICK, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  Fed. R. App. P. 34(a)(2).

[***]     The Honorable John W. Sedwick, District Judge for the U.S. District
Court for Alaska, sitting by designation.

Appellant Eileen Montoya ("Montoya") was charged with being a felon in possession of firearms and ammunition found as a result of a traffic stop in violation of 18 U.S.C. § 922(g)(1). Montoya moved to suppress all evidence resulting from the stop. After the district court denied the motion, she entered a conditional guilty plea, reserving the right to appeal the denial of the motion. We must consider the probative value of the three circumstances advanced by the government to support the stop.

1.      First, the district court correctly classified the tip as anonymous, because the government provided no evidence about the informant's reliability. United States v. Morales, 252 F.3d 1070, 1074 (9th Cir. 2001). The tip is not entitled to much weight. It gave the officers specific identifying features about Montoya and a general allegation of ongoing criminal activity, but provided no information about her future movements or activities. Thus, the tip lacked sufficient indicia of reliability to justify a stop. See Florida v. J.L., 529 U.S. 266, 271-72 (2000) (anonymous tip which does not contain predictive information but merely identifies a person at a location and makes a general allegation of criminal activity, lacks sufficient indicia of reliability to justify a stop).

2.      The second circumstance on which the government relies—the "hand-to-hand" transaction between two teenage boys, believed to involve drugs, at the

door of a home while Montoya was inside—is not particularized evidence as to Montoya. This case is unlike Maryland v. Pringle, 540 U.S. 366, 373 (2003), where the officer had probable cause to believe that a front-seat passenger in a car possessed cocaine with the other occupants because car passengers are often engaged in a common enterprise with the driver. It is unreasonable to extend the circumstances of a car to an entire home. We do not assume that an adult living at a residence is involved in the activities of a teenage boy present there. The boys' transaction does not support suspicion of criminal activity by Montoya.

**3.** The third circumstance—Montoya's meeting with another woman in a Walgreens parking lot for about ten minutes, and then "[doing] something" in the trunk of her car before leaving—does not support reasonable suspicion that Montoya was involved in a drug transaction despite what the officer's training and experience may have led him to believe. An officer's training and experience may be accorded deference, but only when the officer's inferences rationally explain how the circumstances arouse suspicion that the person being stopped had committed a crime. United States v. Valdes-Vega, 685 F.3d 1138, 1144 (9th Cir. 2012). Furthermore, "[s]eemingly innocuous behavior does not justify an investigatory stop unless it is combined with other circumstances that tend cumulatively to indicate criminal activity." United States v. Manzo-Jurado, 457

3

F.3d 928, 935 (9th Cir. 2006). In this case, neither Montoya's meeting another woman in a parking lot nor her actions with respect to the trunk of the car carry a high degree of suspicion, and neither was combined with other observed circumstances that raised suspicion particular to Montoya. Moreover, and importantly, the stop of the woman who left Walgreens disclosed no evidence that her meeting with Montoya had involved a drug transaction.[1]

Considered cumulatively, the circumstances did not give the officers reasonable suspicion to believe Montoya had committed or was about to commit a crime. Therefore, all evidence obtained as a result of the stop must be suppressed. Wong Sun v. United States, 371 U.S. 471, 487-88 (1963).

**REVERSED and REMANDED**.

---

[1] The officers' attempt to stop Montoya's car for not having a front license plate was a mistake of law which cannot justify a traffic stop. *United States v. Twilley*, 222 F.3d 1092, 1096 (9th Cir. 2000).